# MARCHAND v CHAMPAGNE

## Case No. 89-06193 CK

Seventeenth Judicial Circuit, Broward County

July 14, 1989

### APPEARANCES OF COUNSEL

**Joseph P. Klapholz,** for plaintiff.

**Robert D. McIntosh,** Fleming, O'Bryan & Fleming, for defendant.

### OPINION OF THE COURT

JOHN T. LUZZO, Circuit Judge.

### *FINAL ORDER OF DISMISSAL*

THIS CAUSE having come to be heard upon Defendant's Motion to Dismiss for Forum Non Conveniens and the Court having reviewed the parties' Memoranda, Affidavits, having heard argument of counsel and being otherwise duly advised, the Court has found:

The Defendant, Gilles Champagne, has admitted liability for the sinking of the vessel involved in this accident. The Defendant has also waived any jurisdictional defense he has to the Plaintiff's cause of action if the case is heard in a Court of proper jurisdiction in Quebec,

Canada. Therefore, there exists an alternative forum with jurisdiction over Plaintiff's claim.

Balancing the factors to be considered on a Motion to Dismiss for Forum Non Conveniens as outlined by the United States Supreme Court in *Gold Oil Company v Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), *Koster v Lumbermen's Mutual Casualty Co.,* 330 U.S. 518 (1947) and *Piper Aircraft v Reyno,* 454 U.S. 232 (1981) and adopted in Florida in *Armadora Naval Dominicana, S.A. v Garcia,* 478 So.2d 873 (Fla. 3d DCA 1985), this Court has, in its discretion, determined that the private interest factors and public interest factors enumerated by the Supreme Court in *Gilbert* and *Piper* dictate against having this case heard by this Court.

Access to the proof necessary to try this case is more accessible in Quebec, Canada. The numerous Canadian resident witnesses are subject to compulsory process in Quebec where the taking of testimony, for discovery and trial, is easier, more expeditious and less expensive. All the key witnesses plus the Plaintiff and Defendant reside in Canada and the chances of these important witnesses giving live testimony at trial is greater if the matter is tried in Canada.

The first language of the Plaintiff, the Defendant and other key witnesses is French. Discovery and trial in a United States Court would require the translation of the testimony from French to English for presentation to a jury. The logistic problems created and the expenses incurred for just translation alone is out of all proportion to the plaintiff's "convenience" of having this matter tried in Florida.

This is a controversy between two Canadian citizens involved in a boating accident on a Canadian Flag vessel off the coast of Volusia County, Florida. Broward County has very little, if any, interest in having this Canadian controversy decided in a Florida Court. It is illogical and unfair to require the citizens of Broward County to commit the County's limitied judicial resources to decide a claim of one Canadian citizens against another Canadian citizen when an adequate, more convenient forum exists for this action in Quebec, Canada.

THEREFORE, IT IS ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss is granted. The Complaint of Ginette Marchand is hereby dismissed. Plaintiff may apply for reinstatement of the action upon a showing that it has not been possible to assert jurisdiction over the Defendant in an appropriate forum in Canada.

DONE AND ORDERED in Chambers, Broward County, Florida, this 14th day of July, 1989.